# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust** | CIVIL ACTION NO: |
| **Plaintiff** | COMPLAINT |
| vs. | RE:<br>39 Sunny Lane, Sanford, ME 04073 |
| **Keith Brownell** | Mortgage:<br>July 24, 2006<br>Book 14923, Page 0555 |
| **Defendant** | |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Keith Brownell, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in which the Defendant, Keith Brownell, is the obligor and the total amount owed under the terms of the Note is One

Hundred Ninety-Two Thousand Eight Hundred Fifty-Two and 58/100 ($192,852.58) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is a corporation with its principal place of business located at 13801 Wireless Way, Oklahoma City, OK 73134.

5. The Defendant, Keith Brownell, is a resident of Sanford, County of York and State of Maine.

## FACTS

6. On July 30, 1999, by virtue of a Warranty Deed from Ronald A. Simoni, which is recorded in the York County Registry of Deeds in **Book 9616, Page 114**, the property situated at 39 Sunny Lane, County of York, and State of Maine, was conveyed to Keith Brownell, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

7. On July 24, 2006, Defendant, Keith Brownell, executed and delivered to New Century Mortgage Corporation a certain Note under seal in the amount of $172,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

8. To secure said Note, on July 24, 2006, Defendant, Keith Brownell executed a Mortgage Deed in favor of New Century Mortgage Corporation, securing the property located at 39 Sunny Lane, Sanford, ME 04073 which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 14923**, **Page 0555**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

9. The Mortgage was then assigned to DLJ Mortgage Capital, Inc. by virtue of an Assignment of Mortgage dated October 9, 2008 and recorded in the York County Registry of Deeds in **Book 15519**, **Page 792**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by virtue of an Assignment of Mortgage dated August 11, 2016 and recorded in the York County Registry of Deeds in **Book 17315**, **Page 41**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. On October 22, 2019, the Defendant, Keith Brownell, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit F (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

12. The Demand Letter informed the Defendant, Keith Brownell, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit F.

13. The Defendant, Keith Brownell, failed to cure the default prior to the expiration of the Demand Letter.

14. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

15. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the lawful holder and owner of the Note and Mortgage.

16. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

17. The total debt owed under the Note and Mortgage as of March 11, 2020 is One Hundred Ninety-Two Thousand Eight Hundred Fifty-Two and 58/100 ($192,852.58) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $188,958.99 |
| Interest | $996.59 |
| Escrow/Impound Required | $1,591.26 |
| Total Advances | $1,290.00 |
| Late Charges | $15.74 |
| Grand Total | $192,852.58 |

18. Upon information and belief, the Defendant, Keith Brownell, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

19. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 18 as if fully set forth herein.

20. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 39 Sunny Lane, Sanford, County of York, and State of Maine. *See* Exhibit A.

21. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the holder of the Note referenced in Paragraph 2 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, has the right to foreclosure and sale upon the subject property.

22. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Note.

23. The Defendant, Keith Brownell, is presently in default on said Mortgage and Note, having failed to make the monthly payment due October 1, 2019, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

24. The total debt owed under the Note and Mortgage as of March 11, 2020 is One Hundred Ninety-Two Thousand Eight Hundred Fifty-Two and 58/100 ($192,852.58) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $188,958.99 |
| Interest | $996.59 |
| Escrow/Impound Required | $1,591.26 |
| Total Advances | $1,290.00 |
| Late Charges | $15.74 |
| Grand Total | $192,852.58 |

25. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

26. By virtue of the Defendant, Keith Brownell's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

27. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, Keith Brownell, on October 22, 2019, evidenced by the Certificate of Mailing. *See* Exhibit F.

28. The Defendant, Keith Brownell, is not in the Military as evidenced by the attached Exhibit G.

## COUNT II – BREACH OF NOTE

29. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 28 as if fully set forth herein.

30. On July 24, 2006, the Defendant, Keith Brownell, executed under seal and delivered to New Century Mortgage Corporation a certain Note in the amount of $172,000.00. *See* Exhibit B.

31. The Defendant, Keith Brownell, is in default for failure to properly tender the October 1, 2019 payment and all subsequent payments. *See* Exhibit F.

32. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Keith Brownell.

33. The Defendant, Keith Brownell, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

34. The Defendant Keith Brownell's breach is knowing, willful, and continuing.

35. The Defendant Keith Brownell's breach has caused Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

36. The total debt owed under the Note and Mortgage as of March 11, 2020, if no payments are made, is One Hundred Ninety-Two Thousand Eight Hundred Fifty-Two and 58/100 ($192,852.58) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $188,958.99 |
| Interest | $996.59 |
| Escrow/Impound Required | $1,591.26 |
| Total Advances | $1,290.00 |
| Late Charges | $15.74 |
| Grand Total | $192,852.58 |

37. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

38. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 37 as if fully set forth herein.

39. By executing, under seal, and delivering the Note, the Defendant, Keith Brownell, entered into a written contract with New Century Mortgage Corporation who agreed to loan the amount of $172,000.00 to the Defendant. *See* Exhibit B.

40. As part of this contract and transaction, the Defendant, Keith Brownell, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

41. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and successor-in-interest to New Century Mortgage Corporation, and has performed its obligations under the Note and Mortgage.

42. The Defendant, Keith Brownell, breached the terms of the Note and Mortgage by failing to properly tender the October 1, 2019 payment and all subsequent payments. *See* Exhibit F.

43. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Keith Brownell.

44. The Defendant, Keith Brownell, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

45. The Defendant, Keith Brownell, is indebted to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust in the sum of One Hundred Ninety-Two Thousand Eight Hundred Fifty-Two and 58/100 ($192,852.58) Dollars, for money lent by the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to the Defendant.

46. Defendant Keith Brownell's breach is knowing, willful, and continuing.

47. Defendant Keith Brownell's breach has caused Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

48. The total debt owed under the Note and Mortgage as of March 11, 2020, if no payments are made, is One Hundred Ninety-Two Thousand Eight Hundred Fifty-Two and 58/100 ($192,852.58) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $188,958.99 |
| Interest | $996.59 |
| Escrow/Impound Required | $1,591.26 |
| Total Advances | $1,290.00 |
| Late Charges | $15.74 |
| Grand Total | $192,852.58 |

49. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

50. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 49 as if fully set forth herein.

51. New Century Mortgage Corporation, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned Defendant, Keith Brownell, $172,000.00. *See* Exhibit B.

52. The Defendant, Keith Brownell, is in default for failure to properly tender the October 1, 2019 payment and all subsequent payments. *See* Exhibit F.

53. As a result of the Defendant Keith Brownell's failure to perform under the terms of their obligation, the Defendant, should be required to compensate the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust.

54. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V –UNJUST ENRICHMENT

55. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 54 as if fully set forth herein.

56. New Century Mortgage Corporation, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned the Defendant, Keith Brownell, $172,000.00. *See* Exhibit B.

57. The Defendant, Keith Brownell, has failed to repay the loan obligation.

58. As a result, the Defendant, Keith Brownell, has been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust as successor-in-interest to New Century Mortgage Corporation by having received the aforesaid benefits and money and not repaying said benefits and money.

59. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, upon the expiration of the period of redemption;

c) Find that the Defendant, Keith Brownell, is in breach of the Note by failing to make payment due as of October 1, 2019, and all subsequent payments;

d) Find that the Defendant, Keith Brownell, is in breach of the Mortgage by failing to make payment due as of October 1, 2019, and all subsequent payments;

e) Find that the Defendant, Keith Brownell, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, Keith Brownell, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due October 1, 2019 and all subsequent payments;

g) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendant, Keith Brownell has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to restitution;

j) Find that the Defendant, Keith Brownell, is liable to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, for money had and received;

k) Find that the Defendant, Keith Brownell, is liable to the Plaintiff for quantum meruit;

l) Find that the Defendant, Keith Brownell, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, Keith Brownell, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to restitution for this benefit from the Defendant, Keith Brownell;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Keith Brownell, and in favor of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in the amount of One Hundred Ninety-Two Thousand Eight Hundred Fifty-Two and 58/100 ($192,852.58) Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

                                                  Respectfully Submitted,
                                                  U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust,
                                                  By its attorneys,

Dated: March 12, 2020

                                                  <u>/s/ John A. Doonan, Esq.</u>
                                                  <u>/s/ Reneau J. Longoria, Esq.</u>
                                                  John A. Doonan, Esq., Bar No. 3250
                                                  Reneau J. Longoria, Esq., Bar No. 5746
                                                  Attorneys for Plaintiff
                                                  Doonan, Graves & Longoria, LLC
                                                  100 Cummings Center, Suite 225D
                                                  Beverly, MA 01915
                                                  (978) 921-2670
                                                  JAD@dgandl.com
                                                  RJL@dgandl.com